**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0243-17T3

JOHNNIE DAVENPORT,

    Plaintiff-Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Defendant-Respondent.

_____

> Submitted September 12, 2018 – Decided September 25, 2018
>
> Before Judges Yannotti and Gilson.
>
> On appeal from the New Jersey Department of Corrections.
>
> Johnnie Davenport, appellant pro se.
>
> Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Kai W. Marshall-Otto, Deputy Attorney General, on the brief).

PER CURIAM

Johnnie Davenport, an inmate in state prison, appeals from a final determination of the New Jersey Department of Corrections (Department), which upheld findings of guilt and sanctions imposed for committing prohibited acts for fighting with another person, *.004, and conduct which disrupts, *.306, both in violation of N.J.A.C. 10A:4-4.1(a)(2). We affirm.

On July 27, 2017, Davenport was involved in an altercation with another inmate, Lloyd Lindsey. Both Davenport and Lindsey reported that they had an argument that became physical. Both Davenport and Lindsey suffered injuries: Davenport had a cut near his eye, and Lindsey had a bruise on his head, a lump on his right hand, and a lump on his left knee.

Davenport was charged with fighting and disruptive conduct. A hearing was conducted, at which Davenport was represented by a counsel substitute. Davenport pled not guilty, claimed that Lindsey had attacked him, and asserted that he never hit Lindsey. Thus, Davenport claimed he acted in self-defense and that as soon as the fighting broke up, he reported the incident. Davenport also called a witness, who confirmed that Davenport and Lindsey had argued, but testified that he did not see the actual fight.

The hearing officer found that there had been a physical fight, during which both inmates suffered injuries. The hearing officer rejected Davenport's

claim of self-defense because he found that Lindsey was injured and Davenport had claimed that he did not fight back or hit Lindsey. The hearing officer, therefore, found that Davenport had committed the prohibited act of fighting with another person, *.004. The hearing officer also found that Davenport had engaged in conduct that disrupts, *.306. Davenport was sanctioned to 15 days of lost recreation privileges, 90 days of lost commutation time, and 125 days of administrative segregation. Davenport filed an administrative appeal, and on August 3, 2017, the Department, acting through an assistant superintendent, upheld the hearing officer's findings of guilt and sanctions.

On this appeal, Davenport makes three arguments. He contends (1) there was no substantial credible evidence that he engaged in a fight; rather, he acted in self-defense; (2) there was substantial evidence showing that he acted in self-defense; and (3) the Department's decision was arbitrary, capricious, and in violation of his right to due process and fairness. We disagree.

Our role in reviewing decisions of an administrative agency is limited. Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9 (2009). "An appellate court ordinarily will reverse the decision of an administrative agency only when the agency's decision is 'arbitrary, capricious or unreasonable or [ ] is not supported by substantial credible evidence in the

record as a whole.'" Ramirez v. Dep't. of Corr., 382 N.J. Super. 18, 23 (App. Div. 2005) (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).

When reviewing a final determination of the Department in a prisoner disciplinary matter, we consider whether there is substantial evidence that the inmate has committed the prohibited act and whether, in making its decision, the Department followed the regulations adopted to afford inmates limited procedural due process. McDonald v. Pinchak, 139 N.J. 188, 194-95 (1995); Jacobs v. Stephens, 139 N.J. 212, 220-22 (1995).

When an inmate is charged with fighting, the hearing officer must consider a claim of self-defense. N.J.A.C. 10A:4-9.13(f); DeCamp v. N.J. Dep't of Corr., 386 N.J. Super. 631, 640 (App. Div. 2006). We have held that in considering a self-defense claim, the hearing officer needs to determine

> (1) who was the initial aggressor; (2) whether the force used to respond to the attack was reasonable; (3) whether the inmate claiming self-defense had a reasonable opportunity to avoid the confrontation by alerting prison authorities; and (4) any other factors that would make the use of force by the inmate claiming self-defense unreasonable, because it would interfere with or otherwise undermine the orderly administration of the prison.
>
> [DeCamp, 386 N.J. Super. at 640.]

A-0243-17T3

Under the Department's regulations, to prove self-defense, an inmate must present evidence showing:

> (1)   [t]he inmate was not the initial aggressor;
>
> (2)   [t]he inmate did not provoke the attacker;
>
> (3)   [t]he use of force was not by mutual agreement;
>
> (4)   [t]he use of force was used to defend against personal harm, not to defend property or honor;
>
> (5)   [t]he inmate had no reasonable opportunity or alternative to avoid the use of force, such as, by retreat or alerting correctional facility staff; and
>
> (6)   [w]hether the force used by the inmate to respond to the attacker was reasonably necessary for self-defense and did not exceed the amount of force used against the inmate.
>
> [N.J.A.C. 10A:4-9.13(f).]

Here, the hearing officer considered Davenport's testimony that he was not the aggressor in the incident. Although the hearing officer did not make an express finding of credibility, the officer rejected Davenport's claim of self-defense. In that regard, the hearing officer noted that Davenport had claimed that he did not fight back or hit Lindsey. In contrast to that testimony, the hearing officer found that Lindsey had suffered injuries.

The hearing officer's findings of facts are supported by substantial credible evidence in the record. Moreover, Davenport received the process he was due. Having reviewed the record and the arguments presented by Davenport, there is no showing that the Department acted arbitrarily, capriciously, or unreasonably in this inmate disciplinary matter.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0243-17T3